<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **RECKITT BENCKISER INC., et al.,** : | Civil Action No.: 09-3125 (FLW) | |
| : | | |
| Plaintiffs, : | | |
| : | | |
| v. : | MEMORANDUM OPINION | |
| : | AND ORDER | |
| **TRIS PHARMA, INC., et al.,** : | | |
| : | | |
| Defendants. : | | |
| _____ : | | |

**ARPERT, U.S.M.J**

This matter having come before the Court on the informal application of Plaintiffs Reckitt Benckiser Inc. ("Reckitt") and UCB Manufacturing, Inc. ("UCB") (collectively, "Plaintiffs"), by letter to the Court dated August 2, 2011, for leave to file a Second Amended Complaint. Defendants Tris Pharma, Inc. ("Tris") and Yu-Hsing Tu ("Tu") (collectively, "Defendants") filed opposition in a letter to the Court dated August 30, 2011. The Court conducted oral argument, by telephone, on September 22, 2011. For the reasons stated on the record and herein, Plaintiffs' application for leave to file a Second Amended Complaint is denied.

In sum, Plaintiffs – as the holder of an approved new drug application ("NDA") no. 18-658 for Delsym extended release liquid suspension, which contains the active ingredient dextromethorphan polistirex, filed a Complaint against Tris on June 26, 2009 alleging infringement of United States Letters Patent No. 5,980,882 ("'882 patent") which "claims certain pharmaceutical compositions using a drug-resin complex and a chelating agent and certain methods of making these pharmaceutical compositions". *See* Pl.'s Compl., dkt. entry no. 1 at 1-3. Plaintiffs allege that by submitting an abbreviated new drug application ("ANDA") under the

provisions of 21 U.S.C. § 355 (j) before the expiration of the '882 patent – specifically, seeking approval to engage in the commercial manufacture, use, and sale of dextromethorphan polistirex extended release suspension – Tris committed an act of infringement under 35 U.S.C. § 271(e)(2) and will also infringe one or more claims of the '882 patent. *Id*. at 4.  As a result, Plaintiffs claim that they are entitled to a Court Order stating that the effective date of any approval of Tris' ANDA be no earlier than after the expiration date of the '882 patent pursuant to 35 U.S.C. § 271(e)(4) and an award of damages for any commercial sale or use by Tris with respect to the subject matter claimed in the '882 patent. *Id*. at 5.  Plaintiffs also claim that they are entitled to reasonable attorneys' fees, judgment that Tris infringed one or more claims of the '882 patent, and a permanent injunction against Tris from engaging in the commercial manufacture, use, offer to sell, or sale within the United States or importation into the United States of Tris' product.  *Id*. at 5-7.  On June 11, 2010, Plaintiffs filed an Amended Complaint adding Tu as a defendant and adding additional counts alleging trade secret misappropriation, unfair competition, breach of contract, and tortious interference with business expectations.  *See* Pl.'s Amended Compl., dkt. entry no. 51 at 1-15.  On February 28, 2011, the Court dismissed Count IV (breach of contract) of Plaintiffs' Amended Complaint without prejudice based on Plaintiffs' failure to identify any specific contract or contracts that governed Tu's employment and failure to identify or describe any of the provisions or terms of the agreement relevant to this dispute.  *See* dkt. entry nos. 79-80.

With this informal application, Plaintiffs seek to "reassert a breach of contract claim against...Tu" in light of their "recent discovery of a confidentiality agreement between Tu and UCB's predecessor as well as testimony obtained from Tu during his July 11, 2011 deposition".

2

*See* Pl.'s Letter dated August 2, 2011, dkt. entry no. 90 at 1.  Plaintiffs contend that discovery yielded "supplemental facts [that] provide greater detail regarding the type of confidentiality agreements Tu signed with UCB's predecessors and provide sufficient support for Plaintiffs' assertion of breach of contract".  *Id*.  With reference to their "good-faith negotiations with opposing counsel" and "through recently discovered information", Plaintiffs maintain that their efforts "have been diligent" such that there "can be no claim of undue delay or prejudice in connection with...[their reassertion of a] breach of contract" claim.  *Id*. at 2.  Further, Plaintiffs argue that a breach of contract cause of action is not futile as the recently obtained discovery remedies the deficiencies set forth in the Court's Opinion and Order.  *Id*.  Specifically, Plaintiffs have discovered "a confidentiality agreement signed by and between Tu and UCB's predecessors" which states that "Tu was prohibited from disclosing any secret or confidential information either during or after termination of employment" and Tu "acknowledged he was aware of such confidentiality agreements with UCB's predecessors" and "that these agreements protected all confidential information of the company".  *Id*.  Thus, Plaintiffs contend that they have demonstrated sufficient factual support for application to reassert a breach of contract claim against Tu.  *Id*.

In opposition, Defendants maintain that Plaintiffs have failed to show good cause for leave to amend their pleadings pursuant to FED. R. CIV. P. 16(b), *Eastern Minerals & Chems. v. Mahan*, 225 F.3d 330, 339-40 (3d Cir. 2000), and *Dimensional Comm's Inc. v. OZ Optics, Ltd.*, 148 Fed. Appx. 82, 85 (3d Cir. 2005) because this informal application was filed after the June 30, 2010 deadline for amendments set forth in the Scheduling Order.  *See* Def.'s Opp'n Letter dated August 30, 2011, dkt. entry no. 104 at 1.  Separately, even under the liberal standard of

FED. R. CIV. P. 15(a), Defendants contend that Plaintiffs' request should be denied because it would cause undue delay, would prejudice Defendants, and would be futile. *Id*. at 2. With respect to delay, Defendants claim that "Plaintiffs cannot explain away their delay in identifying and asserting a contract that was allegedly assigned to UCB from the beginning of that company's involvement with Delsym", especially given that "this agreement was at the center of UCB's case against Tu and Tris...in the Chancery Division" and given that UCB failed "to diligently search for and obtain the necessary support for its breach of contract claim" where such "information was in UCB's control and discussed publicly in 2010". *Id*. Defendants argue that Plaintiffs cannot explain away the six-month delay between the Court's dismissal of the contract claim in their Amended Complaint and this informal application nor can Plaintiffs dispute that if leave is granted, "the amendment would require Defendants to take additional discovery notwithstanding [the] fact that discovery closed in July 2011" because "UCB has not produced documents or otherwise shown that Tu's agreement...was properly assigned to it" nor has "UCB provided any discovery on damages...even though damage is an element of a claim for breach of contract that must be pled and proven". *Id*. With respect to prejudice and futility, citing 28 U.S.C. § 1738, *Rycoline Prods., Inc. v. C&W Unlimited*, 109 F.3d 883, 887 (3d Cir. 1997), *Gregory Mktg. Corp. v. Wakefern Food Corp.*, 207 N.J. Super. 607, 621 (N.J. Sup. Ct. Law Div. 1985), *Huron Holding Corp. v. Lincoln Mine Operating Co.*, 312 U.S. 183, 189 (1941), *Commissioner N.J. Dept. of Banking and Insurance v. Budge*, 2009 WL 2245764, at *7 (N.J. App. Div. 2009), Defendants contend that "UCB's claim for breach of contract is futile because UCB is bound by the Chancery Division's judgment that the contract it seeks to enforce is unenforceable". *Id*. at 2-3. Citing *Terwilliger v. Terwilliger*, 206 F.3d 240, 245-46 (2d Cir.

4

2000), *Lexington 360 Assocs. v. First Union Nat'l Bank of N. Carolina*, 651 N.Y.S.2d 490, 492 (N.Y. App. Div. 1996), *Khair v. Countrywide Home Loans, Inc.*, 2010 U.S. Dist. LEXIS 58922, at *15 (E.D. Va. 2010), *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009), Defendants also contend that despite the fact that "an element of an action for breach of contract is damages", "[t]he proposed contract claim is also futile because...the allegation of damages...is speculative and contingent...which is insufficient to state a claim under New York law". *Id*. at 3-4. Defendants note that "Plaintiffs have provided no discovery showing damages", "objected to providing a witness" in response to Defendants' Rule 30(b)(6) deposition on the topic of Plaintiffs' breach of contract claim, have "expressly state[d] that because there are no commercial sales...[they] do not intend to seek or provide damages discovery", and "did not submit any expert report on damages". *Id*. at 4. Defendants argue that Plaintiffs' "refusal to provide discovery" and "affirmative statement...foreswearing damages" mandates "denial of the [informal application]...because Defendants should not be put to the task of starting a whole new area of discovery...[a few] months before trial". *Id*.

The Court notes that "[a] schedule may be modified only for good cause and with the judge's consent". FED. R. CIV. P. 16(b)(4). Separately, a district could "should freely give leave [to amend] when justice so requires" (FED. R. CIV. P. 15(a)(2); *see also Bjorgung v. Whitetail Resort, LP,* 550 F.3d 263, 266 (3d Cir. 2008)) and the decision to grant a motion to amend a pleading rests in the sound discretion of the district court (*Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1970); *see also Morton International, Inc. v. A.E. Staley Manuf. Co.*, 106 F. Supp. 2d 737, 744 (D.N.J. 2000)). The Court notes that it "has discretion to deny the request only if the plaintiff's delay in seeking to amend is undue, motivated by bad

5

faith, or prejudicial to the opposing party". *See Adams v. Gould,* 739 F.2d 858, 864 (3d Cir. 1984); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962); *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006); *Hill v. City of Scranton*, 411 F.3d 118, 134 (3d Cir. 2005). Importantly, delay becomes "undue", and thereby creates grounds for the district court to refuse to grant leave, only when it places an unwarranted burden on the Court, when the movant has had previous opportunities to amend, or when it becomes prejudicial to the opposing party. *Id*. at 868; *see also Cureton v. NCAA*, 252 F.3d 267, 273 (2001). "[T]he Third Circuit has consistently recognized that 'prejudice to the non-moving party is the touchstone for the denial of an amendment'". *See Schindler Elevator Corp. v. Otis Elevator Co.*, 2009 U.S. Dist. LEXIS 40994, at *9 (D.N.J. 2009); *see also Arthur*, 434 F.3d at 204 (*quoting Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)). A trial court may also deny leave to amend where "an amendment would be futile when the 'complaint, as amended, would fail to state a claim upon which relief could be granted'" (*In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002) (*quoting In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)) based upon whether the Plaintiff has pled "enough facts to state a claim to relief that is plausible on its face" (*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[I]n determining the futility of an amendment, the Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)" and "accept[s] as true all factual allegations contained in the proposed amended complaint and any reasonable inferences that can be drawn from them". *Walls v. County of Camden*, 2008 WL 4934052, at *2 (D.N.J. 2008); *see also Medpointe Healthcare, Inc. v. Hi-Tech Pharm. Co., Inc.*, 380 F. Supp. 2d 457, 462 (D.N.J. 2005); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000); *Brown v. Phillip Morris, Inc.*, 250 F.3d

789, 796 (3d Cir. 2001).

The Court finds that even if Plaintiffs' proposed Second Amended Complaint is not futile – a point which the Court does not concede – granting Plaintiffs' informal request for leave to amend would unduly prejudice Defendants given that fact discovery closed on July 8, 2011, this informal application was filed on August 2, 2011, expert discovery closed on September 16, 2011, a trial is set to commence on November 28, 2011, and Plaintiffs refused to engage in any discovery related to breach of contract damages.  *See* dkt. entry nos. 88 & 89; *see also* Def.'s Opp'n Br. at 2-4; *Adams*, 739 F.2d at 864-68; *Cureton*, 252 F.3d at 273; *Schindler*, 2009 U.S. Dist. LEXIS 40994, at *9.  The Court finds that permitting Plaintiffs to amend the Complaint at this time would place an unwarranted burden on the Court and would unduly prejudice and unduly burden Defendants with respect to additional discovery, preparation and costs.

Having considered the papers submitted and the opposition thereto, and having conducted oral argument on September 22, 2011, and for the reasons stated on the record and set forth above;

**IT IS** on this 17th day of October, 2011,

**ORDERED** that Plaintiff's informal application for leave to file a Second Amended Complaint is **DENIED**.

s/ *Douglas E. Arpert*  
**DOUGLAS E. ARPERT**  
**UNITED STATES MAGISTRATE JUDGE**